UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>-against-<br><br>PRO CUSTOM SOLAR LLC, doing business as MOMENTUM SOLAR,<br><br>*Defendant*. | Case 1:17-cv-613 |
|---|---|

# CLASS-ACTION COMPLAINT

## INTRODUCTION

1. This action arises out of telephone calls, made by, on behalf of, at the direction of, with the approval of, or with the authorization of Pro Custom Solar LLC, doing business as Momentum Solar. The telephone calls were made by equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator.

2. The legal claims arise under a federal statute and a New York statute: respectively, the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more telephone calls, described in paragraph "1" and further described below, were placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of such commencement

(the "Federal Class Period").

4. Plaintiff also brings this action individually and as a class action on behalf of all persons who received one or more telephone calls, described in paragraph "1" and further described below, on a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of such commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members, statutory damages, injunctive relief, and costs.

6. Plaintiff seeks, individually and on behalf of the other New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Sections 1332(d)(2)(A) and 1367(a).

8. The matter in controversy arising under the claims for violations of GBL Section 399-p exceeds the sum or value of $5,000,000, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

10. Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York.

11. Defendant, Pro Custom Solar LLC, doing business as Momentum Solar ("Momentum Solar"), is a corporation organized and existing under the laws of New Jersey, and has a principal place of business at 325 High Street, Metuchen, New Jersey 08840.

**FACTS**

12. On or about December 29, 2016, Bank received, on his residential telephone line, a "Robocall"; that is, a telephone call ("Bank's Robocall") that, when answered by Bank, played a prerecorded voice regarding solar-energy services that stated that Bank could press a key on his telephone keypad in order to speak to a person.

13. Bank, upon being given the options described in paragraph "13" (the "Keypad Options"), chose the option described therein, upon which he was transferred to a live person (the "Live Person").

14. The Live Person stated that he was acting on behalf of Momentum Solar and that Bank, if he were to become a customer of Momentum Solar, would incur monthly energy bills from a third party chosen by Momentum Solar.

15. Bank's Robocall was made with equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator (the "Automated Calls").

16. Bank's Robocall did not state, at the beginning of the calls, the name of the person or on whose behalf the message was being transmitted.

17. Bank's Robocall did not state, at the end of their message, the address and telephone number of the person on whose behalf the message was transmitted.

18. Bank's Robocall was made without prior express written consent.

19. Bank's Robocall was among thousands of Robocalls ("Momentum Solar Robocalls") made without prior express written consent to residential or cellular telephone lines, that were materially or literally identical to Bank's Telephone both in method and in substance.

## APPLICABLE LAW

### A. Regulation of Certain Calls to Residential and Cellular Telephone Numbers

#### (i) Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")

20. With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any Robocall to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

21. With respect to telephone numbers assigned to a cellular telephone service, the TCPA states that it is "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

22. Recipients of calls that are made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

#### (ii) Liability of Entities That Do Not Directly Place Illegal Calls

23. As explained by the Federal Communications Commission ("FCC"), a party can be vicariously liable for Robocalls that are placed by third parties in violation of Section 227(b) of the TCPA and that subsection's corresponding regulations. *See In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013). *Accord*, *Savanna Group., Inc. v. Trynex, Inc.*, No. 10-cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012).

**B. New York General Business Law Section 399-p**

24. New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law."

25. Persons whose rights under GBL Section 399-p are violated are entitled, pursuant to GBL Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

**FIRST CAUSE OF ACTION**

26. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "19" inclusive of this Complaint as if fully set forth herein.

27. The placement of the Robocalls described herein violated 47 U.S.C. Section 227(b)(1).

28. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Section 227(b)(3)(B).

29. In the event that Defendant willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

30. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. Section 227(b)(1).

**SECOND CAUSE OF ACTION**

31. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "19" inclusive of this Complaint as if fully set forth herein.

32. The placement of the Robocalls described herein violated GBL Section 399-p(3)(a).

33. Bank and the other Members of the New York Class are entitled to statutory damages of $50 pursuant to GBL Section 399-p(9).

34. Bank and the other Members of the New York Class are entitled to an Order, pursuant to GBL Section 399-p(9), enjoining Defendant from violating GBL Section 399-p(3)(a)

35. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to GBL Section 399-p(9).

**CLASS ALLEGATIONS**

36. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Robocalls were made by, at the direction of, with the approval of, or with the authorization of Momentum Solar (the "Federal Class"), during the period from February 2, 2013, to the resolution of this action (the "Federal Class Period").

37. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone one or more Robocalls were made by, on behalf of, at the direction of, with the approval of, or with the authorization of Momentum Solar, wherein the telephone number to which the such calls were made was a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period from February 2, 2014, to the resolution of this action (the "New York Class Period").

38. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of Defendant's wrongful conduct in the same manner in which Bank has sustained damages arising out of Defendant's unlawful conduct.

39. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

40. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

41. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

(i) whether Robocalls were made to residential or cellular telephone lines by, at the direction of, with the approval of, or with the authorization of Defendant;

(ii) whether Defendant violated Section 227(b)(1) of the TCPA;

(iii) whether Defendant willfully or knowingly violated Section 227(b)(1) of the TCPA;

(iv) whether the Members of the Federal Class are entitled to damages as a result of Defendant's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

(v) whether the Members of the Federal Class are entitled to injunctive relief as a result of Defendant's violations of Section 227(b)(1) of the TCPA.

42. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether Robocalls were made to residential or cellular telephone lines by, on behalf of, at the direction of, with the approval of, or with the authorization of Defendant using equipment that was capable of storing telephone numbers to be called and that was used, either alone or in conjunction with other equipment, to disseminate a prerecorded message to the telephone numbers that were called without the use of an operator, wherein the telephone number to which the such calls were made was a New York telephone number, that is, a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929

(ii) whether Defendant violated GBL Section 399-p(3)(a);

(iii) whether the Members of the New York Class are entitled to damages as a result of Defendant's violations of GBL Section 399-p(3)(a);

(iv) whether the Members of the New York Class are entitled to injunctive relief as a result of Defendant's violations of GBL Section 399-p(3)(a); and

(v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of Defendant's violations of GBL Section 399-p(3)(a).

(*continued on next page*)

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C. Section 227(b)(1);

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);

(d) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendant from violating New York General Business Law Section 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: January ___, 2017

Respectfully submitted,

**s/ *Todd C. Bank***

TODD C. BANK, ATTORNEY AT LAW, P.C.
Todd C. Bank (TB-6825)
119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*