**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD C. BANK, individually and on behalf of all others similarly situated, | Case No. 1:17-cv-00613-LDH-JO |
| Plaintiff, | ECF Case |
| -against- | Date of Service: July 28, 2017 |
| PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR, | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

SCHENCK, PRICE, SMITH & KING, LLP
Thomas J. Cotton, Esq.
220 Park Avenue
Florham Park, NJ 07932
Telephone: (973) 539-1000
Email: tjc@spsk.com

*Attorneys for Defendant,*
*Pro Custom Solar LLC*
*d/b/a Momentum Solar*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ III

PRELIMINARY STATEMENT ............................................................................................ 1

PROCEDURAL HISTORY ................................................................................................... 3

ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ................................ 5

I.      THE DECEMBER CALL .......................................................................................... 5

II.     THE JANUARY CALL .............................................................................................. 6

III.    PLAINTIFF'S CONCLUSORY ALLEGATIONS ...................................................... 6

LEGAL ARGUMENTS ........................................................................................................ 8

I.      THE TCPA CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF BOTH
        CONCEDES THAT HE CANNOT STATE A CLAIM FOR DIRECT
        LIABILITY, AND FAILS TO STATE A CLAIM FOR INDIRECT AGENCY-
        BASED LIABILITY .................................................................................................. 9

        A.      Plaintiff makes no claim for direct liability under the TCPA, indeed he
                conceded at the pre-motion conference that Defendant did not initiate the
                two subject calls. .......................................................................................... 9

        B.      Plaintiff fails to state a claim for agency-based liability, as the meager
                allegations he raises regarding this topic fail to establish that the unknown
                callers acted as Defendant's agents. ............................................................. 10

                1.      Plaintiff fails to state a claim for direct authority, because Plaintiff
                        does not plead any facts demonstrating that Defendant controlled
                        the manner and means of the calls. ................................................... 11

                2.      Plaintiff fails to state a claim for apparent authority, because
                        Plaintiff does not allege that Defendant made any representations
                        manifesting that form of agency relationship. ................................... 13

                3.      Plaintiff fails to state a claim for ratification, as it requires an
                        agency relationship be proven as a pre-condition and Plaintiff fails
                        to plead facts establishing such a relationship. ................................. 14

II.     THE GBL CLAIM SHOULD BE DISMISSED BECAUSE IT SUFFERS FROM
        THE SAME FAILURES AS THE TCPA CLAIM, AND BECAUSE THE
        DISMISSAL OF THE TCPA CLAIM WOULD DEPRIVE THIS COURT OF
        SUBJECT-MATTER JURISDICTION TO ENTERTAIN ITS GBL KIN. ................. 15

        A.      The same substantive deficiencies carry over from Plaintiff's TCPA claim
                to his claim under the GBL, and thus call for the GBL claim to be
                dismissed. .................................................................................................... 15

i

B.    If the TCPA claim is dismissed, then this court lacks subject-matter jurisdiction over Plaintiff's GBL claim. ............................................................... 15

III.    IF THIS COURT RULES THAT DISMISSAL IS APPROPRIATE, THEN IT SHOULD ENTER THE DISMISSAL ORDER WITH PREJUDICE AND DENY ANY REQUEST BY PLAINTIFF FOR LEAVE TO AMEND. ..................................... 16

CONCLUSION ........................................................................................................................ 17

## TABLE OF AUTHORITIES

**Page**

**Cases**

4C Foods Corp. v. Package Automation Co.,
  2014 U.S. Dist. LEXIS 166049 (S.D.N.Y. Nov. 18, 2014) ...................................................... 13

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................................................ 8, 13

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) .................................................................................................................... 8

Bell v. Survey Sampling Int'l, LLC,
  No. 3:15-cv-1666-MPS,
  2017 U.S. Dist. LEXIS 36636 (D. Conn. Mar. 15, 2017) ......................................................... 12

Chaiken v. VV Publ'g Corp.,
  119 F.3d 1018 (2d Cir. 1997) ..................................................................................................... 11

Cleveland v. Caplaw Enterprises,
  448 F.3d 518 (2d Cir. 2006) ........................................................................................................ 11

Faber v. Metro. Life Ins. Co.,
  648 F.3d 98 (2d Cir. 2011) ........................................................................................................... 8

Giachetto v. Patchogue-Medford Union Free Sch. Dist.,
  No. 15-cv-3152-LDH-ARL,
  2016 U.S. Dist. LEXIS 135168 (E.D.N.Y. Sept. 29, 2016) ......................................................... 8

Jackson v. Caribbean Cruise Line, Inc.,
  88 F. Supp. 3d 129 (E.D.N.Y. 2015) ...................................................................................... 9, 12

Jenkins v. Nat'l Grid USA,
  No. 15-cv-1219-JS-GRB,
  2017 U.S. Dist. LEXIS 49365 (E.D.N.Y. Mar. 31, 2017) ......................................................... 12

McCabe v. Caribbean Cruise Line, Inc.,
  No. 13-cv-6131,
  2014 U.S. Dist. LEXIS 91116 (E.D.N.Y. July 3, 2014) ............................................................... 9

Melito v. Am. Eagle Outfitters, Inc.,
  No. 14-cv-02440-VEC,
  2015 U.S. Dist. LEXIS 160349 (S.D.N.Y. Nov. 30, 2015) ....................................................... 10

Minskoff v. Am. Express Travel Related Servs. Co.,
  98 F.3d 703 (2d Cir. 1996) .......................................................................................................... 13

Monarch Ins. Co. v. Ins. Corp. of Ireland Ltd.,
  835 F.2d 32 (2d Cir. 1987) .......................................................................................................... 14

Thomas v. Taco Bell Corp.,
  582 Fed. App'x 678 (9th Cir. 2014) ...................................................................................... 13, 14

United Mine Workers of Am. v. Gibbs,
   383 U.S. 715 ........................................................................................................... 15

Zahra v. Town of Southold,
   48 F.3d 674 (2d Cir. 1995)...................................................................................... 16

**Statutes**

28 U.S.C. § 1367(c)(3).................................................................................................. 15

47 U.S.C. § 227(b)(1)(B) ............................................................................................... 9

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the First Amended Complaint ("FAC") of plaintiff Todd C. Bank ("Plaintiff").  In sum, Plaintiff's allegations fail to connect Defendant to any cogent theory of liability—whether it be direct or an agency-based indirect form.  Plaintiff therefore fails to state a claim upon which relief can be granted, and the FAC should be dismissed with prejudice.

## PRELIMINARY STATEMENT

Plaintiff's FAC is the textbook example of a pleading that fails to state a claim.  Plaintiff attempts to raise two causes of action: (1) violation of the Telephone Consumer Protection Act ("TCPA"); and (2) violation of New York's enactment of a similar statute, N.Y. Gen. Bus. Law § 399-p ("GBL").  Neither claim, however, is supported by sufficient allegations.

As for his TCPA claim, Plaintiff can only overcome pre-answer dismissal if he establishes that Defendant either initiated the unlawful calls or is vicariously liable for calls initiated by others.  Plaintiff is unsuccessful in both endeavors.

Plaintiff does not plead that Defendant initiated any calls.  Indeed, at this matter's pre-motion conference, he conceded that Defendant did not call him.

Further, Plaintiff's threadbare conclusions fail to construct a foundation for vicarious liability.  Plaintiff does not demonstrate the presence of actual authority, as he fails to mention any facts showing that Defendant controlled the manner and means of the non-party callers' telemarketing conduct.  Plaintiff pleads no facts establishing apparent authority, because he does not point to any representation coming from the alleged principal (i.e., Defendant) that would lead a reasonable person to believe in the existence of an agency relationship.  And Plaintiff fails to circumstantiate ratification; he does not allege Defendant received any benefit—assuming benefits could be had—from these two calls.

1

As for Plaintiff's GBL claim, this New York statute largely mirrors the TCPA and can be dismissed for the same reason: failure to plead sufficient facts establishing direct or vicarious liability.  The GBL claim need not even be considered if the TCPA claim is dismissed, because the dismissal of the lone federal claim would deprive the Court of subject-matter jurisdiction.

In sum, Plaintiff's FAC is incapable of supporting the claims he attempts to raise. Plaintiff's FAC should therefore be dismissed, with prejudice.

## PROCEDURAL HISTORY

Plaintiff Todd C. Bank ("Plaintiff") filed his initial complaint on February 2, 2017. Cotton Decl. Ex. 1.[1]  Defendant timely filed a request for pre-motion conference, seeking to submit a dismissal application.  Cotton Decl. Ex. 2.  Plaintiff opposed same.  Cotton Decl. Ex. 3. This Court granted Defendant's request.  Cotton Decl. Ex. 4.

On April 25, 2017, all parties appeared in-person for the pre-motion conference regarding potential dismissal of Plaintiff's initial complaint.  This Court found that Plaintiff's initial complaint was deficient, and granted Plaintiff leave to file an amended complaint by May 5, 2017.  Cotton Decl. Ex. 5.

Plaintiff filed his FAC on May 5, 2017.  Cotton Decl. Ex. 6.  It raises the same two causes of action as raised by his initial complaint: (1) violation of the TCPA; and (2) violation of New York's enactment of a similar statute, the GBL.   Plaintiff seeks to bring his lawsuit both individually and as the member of certain classes.[2]

Defendant timely filed a request for pre-motion conference, seeking to submit a dismissal application as against Plaintiff's FAC.[3]  Cotton Decl. Ex. 7.  Plaintiff opposed same.  Cotton Decl. Ex. 8.  This Court granted Defendant's request.  Cotton Decl. Ex. 9.

---

[1]     "Cotton Decl." means the Declaration of Thomas J. Cotton, submitted in conjunction with this memorandum.

[2]     This dismissal motion is not directed to the class allegations.  However, should this litigation proceed beyond pre-answer dismissal, Defendant will present the necessary legal authorities to soundly reject class certification.

[3]     This request for pre-motion conference also included a request to stay discovery during the pendency of any dismissal motion that might result.  Cotton Decl. Ex. 7.  Your Honor referred the discovery-related portions of the application to Hon. James Orenstein, U.S.M.J. Cotton Decl. Ex. 9.  On May 31, 2017, Defendant filed a request with Judge Orenstein to stay discovery.  Cotton Decl. Ex. 11.  Plaintiff opposed same.  Cotton Decl. Ex. 12.  On June 19, 2017, Judge Orenstein conducted an in-person conference to address the request.  Cotton Decl. Ex. 13.  At the conference's conclusion he ordered discovery stayed pending the outcome of this dismissal motion.  Cotton Decl. Ex. 14.

On July 14, 2017, all parties appeared in-person for the pre-motion conference regarding potential dismissal of Plaintiff's FAC. This Court found that Plaintiff's FAC needed to be addressed via dismissal-motion briefing, and set forth a schedule with respect to same. Cotton Decl. Ex. 10.

This dismissal motion followed.

## <u>ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

Plaintiff bases the entirety of his individual claims upon two phone calls; the first call he claims to have received on December 29, 2016 ("the December Call"), and the second on January 12, 2017 ("the January Call").

## I.    THE DECEMBER CALL

On December 29, 2016, Plaintiff received a telephone call from a source whose Caller ID was "MARKETING SOL" and "530-392-9040." FAC ¶ 12.  This call began with a prerecorded voice, which identified the calling entity as Home Solar Solutions. <u>Id.</u> at ¶ 13.  Home Solar Solutions soon transferred Plaintiff to a live caller, who identified himself as Sebastian Hart with Advanced Energy Solutions. <u>Id.</u> at ¶ 14.  Mr. Hart claimed to that he was calling "to promote goods and services of a company called Momentum Solar." <u>Id.</u> at ¶ 15.

Following the December Call, Plaintiff alleges to have conducted an investigation of its supposed sources. <u>Id.</u> at ¶¶ 17-25.  This led Plaintiff to Sunnova Energy Corporation ("Sunnova"). <u>Id.</u> at ¶ 17.  Plaintiff spoke with a Sunnova representative, and when he mentioned having received a call from someone "promoting Momentum Solar" the representative allegedly said that Sunnova "works with Momentum Solar." <u>Id.</u> at ¶ 19.  The representative also said, "Sunnova uses prerecorded calls to seek new customers." <u>Id.</u> at ¶ 20.

Plaintiff then contacted Defendant. <u>Id.</u> at ¶¶ 21-25.

The first Defendant employee with whom Plaintiff spoke said: "I think there is a robotic messages [sic] that reaches out to homeowners that might be inquiring or maybe interested in going solar . . . . I've heard people telling me that they've spoken to I guess a robotic message, the one that it sounds like you spoke to that basically transfers over to, like you said, a live person." <u>Id.</u> at ¶ 22.

As for Plaintiff's call to a second Defendant employee, Plaintiff claimed to have received a call "promot[ing] the goods and services of a company called Momentum Solar."  Id. at ¶ 24. This Defendant employee, apparently in response to the mentioning of Defendant's name, responded with: "That's us."  Id.  The employee also stated that calls meeting the description of the December Call might be Defendant's "operating service."

## II.   THE JANUARY CALL

On January 12, 2017, Plaintiff received a telephone call from a source whose Caller ID was "Bayonne, NJ" and "201-285-1836."  Id. at ¶ 26.  This call began with a prerecorded voice, which identified the calling entity as Home Solar Solutions.  Id. at ¶ 27.  Home Solar Solutions soon transferred Plaintiff to a live caller, who identified himself as Walter Perez with Advanced Energy Solutions.  Id. at ¶ 28.  Perez claimed that he was calling to "to promote goods and services of a company called Momentum Solar," id. at ¶ 29, and labeled himself "an advocate for Momentum Solar."  Id. at ¶ 30.  Plaintiff's FAC then contradicts itself, as Plaintiff alleges that Perez claimed to be "with the marketing department for Momentum Solar."  Id.

Though Plaintiff alleges that he conducted some semblance of investigation following the December Call, he does not allege to have undertaken any type of investigation following the January Call.

## III.   PLAINTIFF'S CONCLUSORY ALLEGATIONS

Following his discussion of the two calls, Plaintiff's FAC goes on to lob various conclusory allegations within a section that is detached from the pleading's factual averments. Plaintiff claims that the person or entity who made the two calls acted as Defendant's "implied agent," and with Defendant's apparent authority.  Id. at ¶¶ 36-37.  Plaintiff further alleges that Defendant "ratified the placement of those calls."  Id. at ¶ 38.

6

Curiously, at no point within the factual allegations or the ensuing legal conclusions does Plaintiff assert that Defendant itself initiated the calls.

## LEGAL ARGUMENTS

A complaint can only survive pre-answer dismissal if it contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"    Id.   (quoting Twombly, 550 U.S. at 556).

"Sufficient factual matter" requires more than merely inserting a defendant's name alongside the claim's requisite elements.   Id.   "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements."   Id.   "Further, a court is not obligated to accept a plaintiff's 'conclusory allegations or legal conclusions masquerading as factual conclusions.'"   Giachetto v. Patchogue-Medford Union Free Sch. Dist., No. 15-cv-3152-LDH-ARL, 2016 U.S. Dist. LEXIS 135168, at *4 (E.D.N.Y. Sept. 29, 2016) (quoting Faber v. Metro. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011)).

Plaintiff's two claims are both unable to satisfy this well-established pleading standard. Moreover, even assuming Plaintiff's GBL claim had been adequately pled, a 12(b)(6) dismissal of his federal TCPA claim would deprive this Court of the subject-matter jurisdiction needed to resolve a claim arising from New York statute.

I.   **THE TCPA CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF BOTH CONCEDES THAT HE CANNOT STATE A CLAIM FOR DIRECT LIABILITY, AND FAILS TO STATE A CLAIM FOR INDIRECT AGENCY-BASED LIABILITY.**

In light of the pleading principles articulated above, it is Plaintiff's burden to allege sufficient facts to state a TCPA claim. The TCPA provision upon which Plaintiff relies, 47 U.S.C. § 227(b)(1)(B), makes it unlawful for one to "initiate" certain types of prerecorded calls.

Plaintiff can only satisfy his pleading requirement if his factual allegations—as opposed to his legal conclusions—establish that Defendant either: (A) directly initiated the calls; or (B) is vicariously liable for the party that did initiate the calls through a principal-agency relationship. McCabe v. Caribbean Cruise Line, Inc., No. 13-cv-6131, 2014 U.S. Dist. LEXIS 91116, at *7-9 (E.D.N.Y. July 3, 2014). Plaintiff's failure to plead sufficient facts to support either of these theories is discussed in greater detail below.

A.   **Plaintiff makes no claim for direct liability under the TCPA, indeed he conceded at the pre-motion conference that Defendant did not initiate the two subject calls.**

Plaintiff does not allege that Defendant initiated either the December Call or the January Call. Plaintiff therefore fails to state a claim for direct liability under the TCPA. Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015).

Even if pled, such an assertion would carry no weight because Plaintiff conceded during the pre-motion conference that non-party entities other than Defendant likely initiated both calls. See T15:5-7 ("Let's say Momentum did not make the phone calls. Frankly, they probably did not. It's not how this industry works. It's possible, but I doubt it. I doubt it.").[4]

The FAC identifies the callers by Caller ID information (both name and number), the names of the individuals with whom he spoke, and the names of the entities these individuals

---

[4]   "T" means the transcript of this matter's July 14, 2017 pre-motion conference. Cotton Decl. Ex. 15.

claimed to be employees of: Home Solar Solutions and Advanced Energy Solutions. FAC ¶¶ 12-14, 26-28. Curiously, Plaintiff did not name either entity as a party to this lawsuit. Plaintiff's summary of his investigation makes no mention of any subsequent contact he had with them, or suggest that he made any effort to gather information from the callers themselves. See id. at ¶¶ 17-25.

In sum, Plaintiff's only hope is to plead sufficient facts in support of indirect agency-based liability. His inability to do even that is discussed in the subsequent subsection.

> **B.     Plaintiff fails to state a claim for agency-based liability, as the meager allegations he raises regarding this topic fail to establish that the unknown callers acted as Defendant's agents.**

At best, Plaintiff's FAC only hints at the "sheer possibility" of an agency relationship between Defendant and the entities that called him. Plaintiff's tactic is insufficient in all cases generally, and particularly improper in TCPA cases specifically. "[T]o plead vicarious liability under the TCPA in accordance with traditional tort principles, Plaintiffs must allege some facts regarding the relationship between an alleged principal and agent (or an alleged agent and sub-agent) and cannot simply allege general control in a vacuum." Melito v. Am. Eagle Outfitters, Inc., No. 14-cv-02440-VEC, 2015 U.S. Dist. LEXIS 160349, at *27 (S.D.N.Y. Nov. 30, 2015).

There are three routes available for a plaintiff hoping to allege a TCPA claim through vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification. An examination of each such theory, however, reveals that Plaintiff fails to plead facts in-line with their well-established elements.

1.    *Plaintiff fails to state a claim for direct authority, because Plaintiff does not plead any facts demonstrating that Defendant controlled the manner and means of the calls.*

Connecting a defendant to a TCPA claim requires more, even at the pleading stage, than summarily asserting that a caller acted on behalf of the purported principal.  The existence of an agency relationship depends upon: (i) the manifestation by the principal that the agent shall act for him; (ii) the agent's acceptance of the undertaking; and (iii) the understanding of the parties that the principal is to be in control of the undertaking.  Cleveland v. Caplaw Enterprises, 448 F.3d 518, 522 (2d Cir. 2006).

This requirement is not unique to the TCPA.  Typically, a principal is not liable for his independent contractor's conduct.  See, e.g., Chaiken v. VV Publ'g Corp., 119 F.3d 1018, 1033-34 (2d Cir. 1997).

Plaintiff's FAC contains only the type of threadbare legal conclusions that are insufficient to maintain his lawsuit.  As for the December Call, Plaintiff merely alleges that the caller told him it "had been made in order to promote goods and services of a company called Momentum Solar."  FAC ¶ 15.  The subsequent paragraphs detailing Plaintiff's investigation of the December Call shed no light on the issue of direct authority.  Id. at ¶¶ 17-25.  As for the January Call, Plaintiff again alleges that the caller told him it "had been made in order to promote goods and services of a company called Momentum Solar."  Id. at ¶ 29.  Plaintiff's FAC then reaches its direct-authority crescendo with the conclusory allegation: "The person or entity that made the [calls] acted, based upon the conduct of such person or entity and of [Defendant] as described above, as an implied agent of [Defendant]."  Id. at ¶ 36.

Plaintiff's FAC does not contain the factual allegations needed to support his legal conclusions.  But beyond that, his FAC lacks other necessary conclusions—which in turn need

be supported by facts—to establish an agency relationship.  What the FAC fails to allege is vividly illustrative of the need for its dismissal.

Plaintiff does not allege that a contract existed between Defendant and the entity initiating the call.[5]  Indeed, during the pre-motion conference Plaintiff conceded that he did not know who called him.  See T15:5-7 ("Let's say Momentum did not make the phone calls. Frankly, they probably did not.  It's not how this industry works.  It's possible, but I doubt it.  I doubt it.").

While Plaintiff noted during the conference that he believes these numbers to be "spoofed," T12:4-10, this courts in this Circuit do not accept "spoofing" as an excuse for failing to plead a TCPA case.  See Bell v. Survey Sampling Int'l, LLC, No. 3:15-cv-1666-MPS, 2017 U.S. Dist. LEXIS 36636, at *3 (D. Conn. Mar. 15, 2017) (noting that the plaintiff's pleading had directly connected the "spoofed" number to the defendant, by identifying the defendant's prior usage of the same number).

Plaintiff does not allege that Defendant controlled the manner and means of the calls.  He does not allege that Defendant identified the targeted recipients, authored the advertising scripts, set forth specific benchmarks, or dictated the use of certain technology.  The absence of such allegations are fatal to his claim.  See Jenkins v. Nat'l Grid USA, No. 15-cv-1219-JS-GRB, 2017 U.S. Dist. LEXIS 49365, at *21-22 (E.D.N.Y. Mar. 31, 2017) (pointing to the extensive, specific facts that must be alleged for an agency theory to survive pre-answer dismissal

Where a party merely claims that a defendant controlled the manner and means of an agent's conduct, the pleading must still be dismissed for failing to accompany that legal

---

[5]     Had Plaintiff pled the existence of a contract, that still would not have sufficiently alleged the existence of an agency relationship within the realm of TCPA claims.  Jackson, 88 F. Supp. 3d at 138 ("[T]he existence of a contract between CCL and Adsource—even one that imposes certain constraints on Adsource—does not necessarily mean that CCL had the power to give 'interim instructions' to Adsource, the hallmark of an agency relationship.").

conclusion with supporting facts.  See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); see also 4C Foods Corp. v. Package Automation Co., 2014 U.S. Dist. LEXIS 166049 (S.D.N.Y. Nov. 18, 2014) ("In the absence of some pleaded facts (not legal conclusions masquerading as facts) that give rise to the inference of actual authority, this court will not hold [the defendants] hostage to the [the plaintiff's] search for a deep pocket.").

The FAC does not even rise to that—still insufficient—level.  Here, the conclusory allegations themselves are absent.  Plaintiff therefore cannot, as a matter of law, plead that Defendant is liable for the calls by way of direct authority.

2.    *Plaintiff fails to state a claim for apparent authority, because Plaintiff does not allege that Defendant made any representations manifesting that form of agency relationship.*

Plaintiff's alternative apparent-authority theory fares no better than his attempt to invoke direct authority.  Apparent authority "arises from the written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him." Minskoff v. Am. Express Travel Related Servs. Co., 98 F.3d 703, 708 (2d Cir. 1996) (internal quotations omitted).

Simply put, any alleged communications between Plaintiff and the entities initiating the call are irrelevant to whether the entities acted with Defendant's apparent authority.  See id. ("Apparent authority . . . cannot be established by the actions or representations of the agent."). The communications giving rise to apparent authority must come from the purported principal if Plaintiff hopes to maintain his TCPA claim.  See, e.g., Thomas v. Taco Bell Corp., 582 Fed. App'x 678, 679-80 (9th Cir. 2014) (holding in a TCPA case that plaintiff's vicarious-liability

claim fails because she "has not shown that she reasonably relied, much less to her detriment, on any apparent authority with which [the defendant] allegedly cloaked [the telemarketers]").

The FAC does not discuss any communications, whatsoever, between Plaintiff and Defendant that even suggest these unknown callers acted with Defendant's authority. The only allegations actually tying these calls to Defendant are those describing Plaintiff's communications with the callers themselves. Plaintiff therefore fails to plead that Defendant is liable for these calls by way of apparent authority.

3.    *Plaintiff fails to state a claim for ratification, as it requires an agency relationship be proven as a pre-condition and Plaintiff fails to plead facts establishing such a relationship.*

Plaintiff's lone assertion on the ratification topic is to simply allege, in conclusory fashion, that Plaintiff satisfies the elements of this theory. FAC ¶ 38. Ratification requires more than that. Ratification requires the complainant to allege facts showing that the principal both accepted the benefits of the agent's acts and did so with full knowledge of the factual circumstances. Monarch Ins. Co. v. Ins. Corp. of Ireland Ltd., 835 F.2d 32, 36 (2d Cir. 1987).

Plaintiff does not allege that Defendant accepted any benefits flowing from the December and January Calls. Plaintiff would have struggled to raise such an allegation, because no benefits appear to have been available.

Moreover, Defendant can only be liable through ratification if Plaintiff first establishes that a principal-agency relationship exists. Thomas, 582 Fed. App'x at 680. Plaintiff is unable to do so, for reasons expressed in greater detail within the preceding subsections.

14

II.    **THE GBL CLAIM SHOULD BE DISMISSED BECAUSE IT SUFFERS FROM THE SAME FAILURES AS THE TCPA CLAIM, AND BECAUSE THE DISMISSAL OF THE TCPA CLAIM WOULD DEPRIVE THIS COURT OF SUBJECT-MATTER JURISDICTION TO ENTERTAIN ITS GBL KIN.**

Similar to the TCPA, the GBL makes it unlawful for one to initiate certain types of prerecorded calls. And similar to his TCPA claim, Plaintiff's GBL claim suffers from a failure to plead sufficient facts establishing his entitlement to bring a lawsuit. Further, the dismissal of Plaintiff's TCPA claim would allow for his GBL claim to be summarily dismissed for lack of subject-matter jurisdiction.

A.    **The same substantive deficiencies carry over from Plaintiff's TCPA claim to his claim under the GBL, and thus call for the GBL claim to be dismissed.**

Plaintiff does not plead any allegations specific to his GBL claim. Plaintiff instead relies—absolutely—on the same factual allegations upon which he attempts to raise his TCPA claim. The TCPA allegations are just as deficient in GBL clothing. Plaintiff's GBL claim should therefore be dismissed for the same reason, i.e., for failing to plead sufficient factual allegations to establish either direct or indirect agency-based liability.

B.    **If the TCPA claim is dismissed, then this court lacks subject-matter jurisdiction over Plaintiff's GBL claim.**

Assuming that the GBL somehow maintained unique elements, and assuming further that Plaintiff pled sufficient factual allegations vis-à-vis these elements, the FAC must still be dismissed because of the TCPA-related deficiencies alone. If this Court rules Plaintiff is unable to state a claim under the TCPA, then it will no longer have subject-matter jurisdiction over Plaintiff's GBL claim. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

**III.     IF THIS COURT RULES THAT DISMISSAL IS APPROPRIATE, THEN IT SHOULD ENTER THE DISMISSAL ORDER WITH PREJUDICE AND DENY ANY REQUEST BY PLAINTIFF FOR LEAVE TO AMEND.**

This Court should exercise its broad discretion in resolving pre-answer dismissal motions, and deny any request by Plaintiff to further amend his complaint.  Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("[I]t is within the sound discretion of the district court whether to grant or deny leave to amend.").

This Court already afforded Plaintiff the opportunity to supplement his initial complaint. The initial complaint's deficiencies continue to rear their heads throughout Plaintiff's FAC. Plaintiff's pleading is awash in legal conclusions, and lacking the requisite factual support. Plaintiff is not entitled to—yet another—opportunity to correct errors this Court already graciously identified for him.

## **CONCLUSION**

For the reasons set forth herein, Defendant respectfully requests this Court dismiss

Plaintiff's FAC with prejudice.

Dated: July 27, 2017
        Florham Park, NJ

                                        SCHENCK, PRICE, SMITH & KING, LLP

                                        By:    /s/ Thomas J. Cotton, Esq.
                                                Thomas J. Cotton, Esq.
                                        220 Park Avenue
                                        Florham Park, NJ 07932
                                        Telephone: (973) 539-1000
                                        Email: tjc@spsk.com

                                        *Attorneys for Defendant,*
                                        *Pro Custom Solar LLC*
                                        *d/b/a Momentum Solar*