UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TODD C. BANKS,

                Plaintiff,

            -against-                   **ORDER**
                                     17-CV-613 (LDH) (JO)

PRO CUSTOM SOLAR.,
d/b/a MOMENTUM SOLAR,

                Defendant.
----------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Todd Banks, individually and on behalf of a putative class, brings the instant action against Defendant Pro Custom Solar LLC, d/b/a Momentum Solar ("Momentum Solar"), alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA" or the "Act") and New York General Business Law § 399-p ("NYGBL") by initiating or authorizing two "robocalls" to Plaintiff's residential telephone number without Plaintiff's consent. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the amended complaint.

## BACKGROUND[1]

Plaintiff received unsolicited calls on December 29, 2016, and January 12, 2017 (collectively the "Calls"), to his residential telephone line. (Am. Compl. ¶¶ 12, 26, ECF No. 15.) When Plaintiff answered the Calls, a prerecorded voice, which identified itself as Steven with Home Solar Solutions, asked a series of questions regarding home ownership and energy costs. (*Id.* ¶¶ 13, 27.) At the conclusion of each recording, the Calls were transferred to a live

---

[1] The following facts are taken from the amended complaint and are assumed to be true for purposes of deciding the instant motion.

1

representative from Advanced Energy Solutions who informed Plaintiff that the Calls "had been made in order to promote goods and services of [Defendant]." (*Id.* ¶¶ 14, 15, 28, 29.)

Subsequently, Plaintiff "engaged in research," which included making three calls on January 10, 2017. (*Id.* ¶¶ 17, 18, 21, 23.) Plaintiff first called Sunnova Energy Corporation ("Sunnova"), a company he believed to be affiliated with Defendant. (*Id.* ¶¶ 17, 18.) A Sunnova representative confirmed Plaintiff's belief that the companies were affiliated, stating that Sunnova works with Momentum Solar. (*Id.* ¶ 19.) The representative also stated that Sunnova uses prerecorded telephone calls to seek new customers. (*Id.* ¶ 20.) Plaintiff also placed two calls to Defendant. (*Id.* ¶¶ 21, 23.) During the first call, Plaintiff asked the representative whether Defendant promotes its goods and services by using prerecorded telephone calls, the representative responded "I think there is a robotic messages [sic] that reaches out to homeowners that might be inquiring or may[]be interested in going solar" (*Id.* ¶ 22.) During the second call, Plaintiff spoke with a different representative, who confirmed that the entity Plaintiff had called was indeed Defendant. (*Id.* ¶ 24.) In addition, when Plaintiff asked the representative whether there had been many calls that met the description of the Calls at issue here, the representative responded: "ye[s], that's our operating service." (*Id.* ¶ 25.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*,

"[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss, *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

## DISCUSSION

Plaintiff alleges that the Calls violated the TCPA and NYGBL because they constituted unauthorized "robocalls." (*See generally* Am. Compl.) Plaintiff seeks to hold Defendant liable, either directly or vicariously, for the alleged violations. (*Id.*) Defendant argues that Plaintiff's claims warrant dismissal because Plaintiff failed to plead sufficiently that Defendant initiated the Calls for purposes of direct liability. (Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mot.") at 9, ECF No. 23-1.) In addition, Defendant argues that Plaintiff's "threadbare conclusions fail to construct a foundation" for any theory of vicarious liability. (Def.'s Mot. at 1.) The Court agrees with Defendant that Plaintiff fails to plead direct liability; however, the Court finds that Plaintiff sufficiently pleads vicarious liability under the apparent authority doctrine.

The TCPA was passed primarily because "many consumers [were] outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (alterations omitted). The section of the TCPA relevant to this case prohibits, with certain exceptions not relevant here, "any person within the United States" from "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47

U.S.C. § 227(b)(1). As such, for direct liability, a plaintiff must allege that a defendant initiated an unlawful call in order to state a plausible claim.

Here, Plaintiff alleges that, during the course of his investigatory calls on January 10, 2017, Sunnova confirmed that it "works with" Defendant. (Am. Compl. ¶ 19). In addition, Sunnova stated that it "uses prerecorded telephone calls to seek new customers." (Am. Compl. ¶ 20). These facts, at most, allow for the inference that Sunnova rather than Defendant is directly liable under the Act. *See Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 133, 135 (E.D.N.Y. 2015) (finding allegation that "Adsource sent the text message to the [p]laintiff's cellular phone on behalf of CCL" plausibly alleged direct liability for Adsource but not CCL). In other words, Plaintiff fails to allege that Defendant initiated the Calls, which is required to successfully plead direct liability. *Compare Jennings v. Cont'l Serv. Grp., Inc.*, 239 F. Supp. 3d 662, 665 (W.D.N.Y. 2017) (holding that the plaintiff stated a claim for direct liability by alleging that "[the] [d]efendant made calls to the [p]laintiff's cell phone using 'a blended pre-recorded and artificial message.'"), *with Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440, 2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015) ("Plaintiffs' conclusory assertions that Experian sent or caused the text message to be sent is simply a legal conclusion devoid of further factual enhancement. Because Plaintiffs do not plead that Experian 'made,' *i.e.*, physically placed or actually sent, the text messages, the [complaint] fails to state a claim.").

However, unlike direct liability, Plaintiff successfully pleads vicarious liability. It is well settled that a defendant may also be held liable under the TCPA consistent with traditional agency principles. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016), *as revised* (Feb. 9, 2016) ("[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations."); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL

3014874, at *3 (E.D.N.Y. July 3, 2014) ("[T]raditional principles of vicarious liability apply to actions brought under the TCPA because any other interpretation would allow companies to evade TCPA liability simply by creative contracting.") (internal quotations and citations omitted.) Here, Plaintiff advances the theories of actual authority, apparent authority, and ratification in alleging that Defendant is vicariously liable under the TCPA. (Am. Compl. ¶¶ 36-38.)

With respect to apparent authority, such a relationship "arises from the 'written or spoken words or any other conduct of the principal which, reasonably interpreted, causes [a] third person to believe that the principal consents to have [an] act done on his behalf by the person purporting to act for him." *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) (quoting *Minskoff v. Am. Exp. Travel Related Servs. Co.*, 98 F.3d 703, 708 (2d Cir. 1996)). In other words, the Court is to focus on the principal's conduct from a third party's perspective, and decide whether that conduct reasonably gives the appearance that an agent is authorized to act.

Here, Plaintiff alleges that, at the conclusion of the prerecorded messages, he was transferred to a live representative of Advanced Energy Solutions. (Am. Compl. ¶¶ 14, 28.) Advanced Energy Solutions stated that the Calls had been placed to "promote the goods and services of [Defendant]." (*Id.* ¶¶ 15, 29.) During Plaintiff's subsequent investigatory calls, a representative of Defendant confirmed that Advanced Energy Solutions was its operating service. (*Id.* ¶ 25.) In addition, a representative of Defendant stated: "I think there is a robotic message [] that reaches out to homeowners that might be inquiring or may[]be interested in going solar." (*Id.* ¶ 22.) From the perspective of Plaintiff, Defendant's statements could reasonably give the appearance that Defendant, the purported principal, authorized Advanced Energy Solutions, the purported agent, to initiate the Calls on its behalf. This is sufficient to

allege that Defendant is vicariously liable for the alleged violations of the TCPA by its purported agent, Advanced Energy Solutions.[2] Likewise, Plaintiff has sufficiently alleged a violation of NYGBL § 399-p as it too creates vicarious liability. *See* N.Y. Gen. Bus. Law § 399-p(2) ("No person shall operate an automatic dialing-announcing device, nor place any consumer telephone call, except in accordance with the provisions of this section. The use of such device by any person, either individually or acting as an officer, agent, or employee of a person operating automatic dialing-announcing devices, is subject to the provisions of this section.").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the amended complaint is DENIED.

SO ORDERED:

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
       July 31, 2018

---

[2] The Court notes that Plaintiff fails to plead sufficient facts to establish that any purported agent had the actual authority of Defendant or that Defendant ratified the conduct of any purported agent. *See generally Jackson*, 88 F. Supp. 3d at 138 (focusing on the defendant's level of control over its purported agent in determining whether the purported agent had the actual authority of the defendant); *see also Hamm v. United States*, 483 F.3d 135, 140 (2d Cir. 2007) ("Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.") (quoting Restatement (Second) of Agency § 82 (1958)). However, because Plaintiff successfully alleges apparent authority as set forth above, Defendant's motion is defeated.