UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TODD C. BANK, individually and on behalf of all others similarly situated,

                              Plaintiff,

v.

PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,

                              Defendant.

**MEMORANDUM AND ORDER**

17-CV-00613 (LDH) (JO)

---

LASHANN DEARCY HALL, United States District Judge:

Plaintiff Todd Bank, proceeding pro se[1] brings this putative class action against Pro Custom Solar LLC, d/b/a Momentum Solar, alleging that Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, and New York General Business Law. Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss Plaintiff's claims.

## BACKGROUND[2]

On December 29, 2016, Plaintiff received an unsolicited call to his residential line (the "First Call"). (Amended Complaint ("Compl.") ¶ 12, ECF No. 15.) When Plaintiff answered the

---

[1] Although he is proceeding pro se, Plaintiff is a licensed and practicing attorney.

[2] Unless otherwise indicated, the undisputed facts are taken from the parties' statements of material facts pursuant to Local Rule 56.1 and annexed exhibits. To the extent any fact is disputed, it is so indicated. The Court notes that Plaintiff did not cite to any admissible evidence in his reply Rule 56.1 statement, nor did Plaintiff raise additional facts that he claims are undisputed. Indeed, it appears Plaintiff conducted no discovery. Instead, Plaintiff referred the Court to the allegations in his Amended Complaint and relied heavily on hearsay statements. This approach is insufficient to dispute facts asserted by Defendant that are properly supported by the record. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); *Siddons v. City of New York*, No. 17-cv-4017, 2019 U.S. Dist. LEXIS 10119, at *5 (E.D.N.Y. Jan. 7, 2019) (internal modifications omitted) ("The litigant opposing summary judgment may not rest upon mere conclusory allegations or denials as a vehicle for obtaining a trial."). As such, all facts in Defendant's Rule 56.1 statement which cite to admissible evidence are deemed admitted. Certain facts are taken from the Amended Complaint because they were not supported by admissible evidence yet were relied on in Defendant's motion for summary judgment. The Court cites to the Amended Complaint or Defendant's motion for summary judgment when referencing those facts.

First Call, a prerecorded voice identified itself as Steven with Home Solar Solutions.  (*Id*. ¶ 13.) Plaintiff was then transferred to a live caller.  (*Id*.)  The live caller identified himself as Sebastian Hart ("Hart") with Advanced Energy Solutions ("Advanced Energy").  (*Id*. ¶ 14.)  Hart expressed that he was calling "to promote goods and services of a company called Momentum Solar."  (*Id.* ¶ 15.)

Between December 29, 2016 and January 10, 2017, Plaintiff investigated the source of the First Call by conducting an Internet search for "Momentum Solar" and other terms used by the caller and possibly searching those same terms on Westlaw.  (Defs.' Statement of Material Facts Pursuant to Local Civ. R. 56.1 ("Defs.' 56.1") ¶ 26, ECF No. 64-3.).  Plaintiff purports to have called (732) 902-6624, which he believed to be Defendant's phone number, and spoke with a woman who identified herself as "Alisa."  (Pl.'s Counterstatement of Material Facts Pursuant to Local Civ. R. 56.1 ("Pl.'s Counter 56.1") ¶ 1, ECF No. 65.)  Plaintiff claims that when he told Alisa that he received a call transferring him to a person who expressed that the call had been made to "promote goods and services offered by Momentum Solar," Alisa responded, "that's us."  (*Id*.)  Plaintiff also claims that when he asked Alisa if there had been a lot of calls that met the description of the First Call, Alisa stated "yeah, that's our operating service."  (*Id*.) Defendant does not dispute that Alisa is its employee.  (Mem. Law Supp. Def.'s Mot. Summ. J. ("Def.'s Mem.") 11, ECF No. 64-1.)

On January 12, 2017, Plaintiff received another unsolicited call (the "Second Call") to his residential line that was conducted much like the First Call.  (Am. Compl. ¶ 26.)  During the Second Call, however, Plaintiff was transferred to a live caller who identified himself as Walter Perez ("Perez") with Advanced Energy.  (Am. Compl. ¶ 28.)  Like Hart, Perez also expressed

that he was calling "to promote goods and services of a company called Momentum Solar." (Am. Compl. ¶ 29.)

Defendant has no knowledge of who placed either call to Plaintiff or how Plaintiff's phone numbers were obtained. (Def.'s 56.1 ¶¶ 1, 2, 5, 10–11.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movant meets its initial burden, the non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *Bellsouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

The TCPA provides, among other things, that "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . . ." 47 U.S.C. § 227(b)(1)(B). Of particular relevance here, the act allows for direct liability as well as vicarious liability where the requisite agency relationship is established. *See Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp.3d 129, 135–136 (E.D.N.Y. 2015) (collecting cases). Under either theory, Defendant maintains that Plaintiff fails to make a showing sufficient to withstand a motion for summary judgment. The Court agrees.

With respect to direct liability, Defendant maintains that Plaintiff has adduced no evidence that Defendant initiated the calls at issue. (Def.'s Mem. 6.) To be held directly liable, a defendant must have initiated the call. *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013). "A person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id. at* 6583 ¶ 26. Here, the record is devoid of a single document that might allow the inference that Defendant initiated the calls. Likewise, Plaintiff has not directed the Court to any testimony that could buttress Plaintiff's claim. To the contrary, the only relevant testimony on this point was offered by Plaintiff by way of a concession. That is, Plaintiff conceded during his deposition that it is possible that the First Call was made by a company other than Defendant. (Def.'s 56.1 ¶ 30; Declaration of Thomas J.

Cotton ("Cotton Decl."), Ex. 18 at 80:23–81:8.)  There is simply no avenue to direct liability in this case.[3]

Plaintiff's theory of vicarious liability is equally underwhelming.  The TCPA contemplates vicarious liability under familiar agency principles, including formal agency, ratification, and apparent authority.  *Dish Network*, 28 FCC Rcd. at 6582 ¶ 28.  "Agency is a legal concept that depends on the existence of three elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking." *Cleveland v. Caplaw Enters*., 448 F.3d 518, 522 (2d Cir. 2006) (internal quotations omitted).  In *Cleveland*, the Second Circuit enumerated factors that courts should consider in determining whether a formal agency relationship exists.  In particular, the Second Circuit directed courts to assess:  "the situation of the parties, their relations to one another, and the business in which they are engaged; the general usages of the business in question and the purported principal's business methods; the nature of the subject matters and the circumstances under which the business is done."  *Id*.  Plaintiff's submission does not include any evidence that might speak to even one of these factors.  Indeed, based upon Plaintiff's submission, he would be hard pressed to contend that he was pursuing a formal agency theory.

Similarly, a review a Plaintiff's submission reveals no basis on which Plaintiff could maintain a claim under the theory of ratification, which requires "acceptance by the principal of the benefits of an agent's acts, with full knowledge of the facts, in circumstances indicating an intention to adopt the unauthorized [conduct]." *Monarch Ins. Co. of Ohio v. Ins. Corp. of*

---

[3] To be fair, in its July 31, 2018 memorandum and order, the Court made plain that Plaintiff had failed to sufficiently plead direct liability against Defendant.  (July 18, 2018 Mem. & Order at 4, ECF No. 27.)  As a result, Plaintiff may have purposefully abandoned this aspect of his claim, and Defendant's arguments on this point may have been made out of an abundance of caution.

*Ireland Ltd.*, 835 F.2d 32, 36 (2d Cir. 1987). Here again, there record lacks any evidence in support of Plaintiff's claim. Conversely, Defendant has affirmed that it has no knowledge of who placed the calls to Plaintiff or how Plaintiff's phone numbers were obtained. (Def.'s 56.1 ¶¶ 1, 2, 5, 10, 11.). None of these facts were adequately disputed by Plaintiff and they are enough to defeat any claimed ratification.

Viewed generously, Plaintiff has advanced a theory of vicarious liability under apparent authority. "Apparent authority exists when a principal, either intentionally or by lack of ordinary care, induces a third party to believe that an individual has been authorized to act on its behalf." *Highland Capital Mgmt. LP v. Schneider*, 607 F.3d 322, 328 (2d Cir. 2010) (internal modifications omitted). This sort of authority may arise in a multitude of ways including "written or spoken words or any other conduct of the principal which, reasonably interpreted, causes a third person to believe that the principal consents to have an act done on his behalf by the person purporting to act for him." *Dianco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 69 (2d Cir. 2003) (internal modifications omitted).

In what can best be described as a disjointed argument,[4] Plaintiff suggests that he can rely on statements made by Hart, Perez, and Alisa to demonstrate that the calls were placed with the apparent authority of Defendant. Plaintiff's argument is wholly unsupported. In Plaintiff's 56.1 statement, he references "recordings" of the calls. (Pl.'s Counter 56.1 ¶¶ 1, 10.) Notably absent from the record, however, is any such recording or transcription thereof. That Plaintiff may, as he maintains, have a copy of the recordings and provided them to Defendant during discovery is of no consequence. (*Id.*) Because the recordings have not been put before the Court, they cannot

---

[4] Much of Plaintiff's "argument" is nothing more than a number of pages of copy-and-pasted excerpts from Defendant's interrogatory responses and sarcastic quips that fail to meaningfully address much of Defendant's arguments.

be considered. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (internal quotations and modifications omitted) ("[D]istrict courts in the Southern and Eastern Districts of New York have interpreted current Local Rule 56.1 to provide that where there are no citations to admissible evidence, the Court is free to disregard the assertion."); *Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 47 (2d Cir. 1985) ("A [] statement by counsel on a motion for summary judgment cannot be a substitute for an affidavit as to the facts. Such statement clearly is not embraced within Rule 56(c)."). Even if Plaintiff had included the recordings in the record, they are plainly inadmissible hearsay.[5] That is, they are out of court statements offered to establish the truth of those statements—"[we are calling] to promote goods and services on behalf of a company called Momentum Solar." *See* Fed. R. Evid. 801(c). Plaintiff seems to believe that he can surmount this evidentiary hurdle by simply calling these individuals as witnesses at trial. That approach, as put in the oft-quoted idiom, would be "too little too late." The time is now to adduce evidence to withstand a motion for summary judgment. Plaintiff has failed to do so.[6]

---

[5] That Defendant has conceded that Alisa is its employee does not change the Court's conclusion. To take Alisa's statement outside the reach of the hearsay rule, Plaintiff would have had to demonstrate that her statements she made, "that's us" (referring to Momentum Solar) and "yeah, that's our operating system," were within the scope of her employment. *See* Fed. R. Evid. 801(d)(2)(D); *United States v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996) ("[T]he declarant need not be the 'final decisionmaker' on employment matters for his statement on those matters to be deemed within the scope of his agency. Rather, [she] need only be an advisor or other significant participant in the decision-making process that is the subject matter of the statement."); *see also Litton Sys., Inc. v. Am. Tel. & Tel. Co.*, 700 F.2d 785, 816 (2d Cir. 1983) ("The fact that [an investigator] summarized what some [] employees said about other employees in the course of his investigation does not bring the events he summarized within the 'scope of his agency or employment' under 801(d)(2)(D)."); *Phipps v. Comprehensive Cmty. Dev. Corp.*, No. 00-CV-6063, 2005 WL 287413, at *12–13 (S.D.N.Y. Feb. 4, 2005) (finding in employment discrimination case that plaintiff's administrative assistant's statement that plaintiff's supervisor called plaintiff a derogatory name based on race was inadmissible hearsay because administrative assistant was not a significant participant in the decision-making process to terminate plaintiff, and the statement was thus, not made within the scope of her employment). Plaintiff failed to do so.

[6] This evidentiary chasm is familiar territory for Plaintiff. Indeed, in *Bank v. Lifewatch Inc., et al.*, Plaintiff was admonished by the court for failing to adduce evidence. *See Bank v. Lifewatch Inc., et al.*, No. 1:15-cv-05708 (CBA) (VMS), Oral Argument Tr. 13–14, ECF No. 28-1. And, under the circumstances of this case, Plaintiff's pro se status is no excuse. Plaintiff is a practicing attorney who has litigated a number of these sorts of claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment to dismiss the federal claim is GRANTED, and the TCPA claim is dismissed, with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's pendant state law claim and dismisses it without prejudice.

                                        SO ORDERED.

Dated: Brooklyn, New York                /s/ LDH
       March 31, 2020                    LASHANN DEARCY HALL
                                         United States District Judge